MARY G. LATHROP, AS ADMINISTRATRIX, ETC., OF AZEL J. LATHROP, RESPONDENT, *v.* CHARLES H. HOPKINS, APPELLANT.

*Evidence — personal transaction with deceased person — Code of Civil Procedure, sec. 829 — a son of the deceased person is not interested when the estate is insolvent.*

APPEAL from a judgment, entered on a verdict in favor of the plaintiff rendered at the Oneida Circuit, and from an order denying a motion for a new trial on the minutes.

The plaintiff sues to recover the value of services performed by her intestate, Azel J. Lathrop, as a builder and architect, in drawing plans and making estimates for altering certain buildings and converting them into a temporary post-office and internal revenue collector's office. The defense is a denial of the defendant's liability, and an averment that the work was done for the United States government, and not for the defendant, and also that the plaintiff is not the owner of the claim.

The court at General Term, after holding that the verdict of the jury in favor of the plaintiff was sustained by the evidence, said: " An exception was taken to the admission of Charles H. Lathrop, a son of the intestate, as a witness in the plaintiff's behalf, and it is now insisted that as next of kin he was interested in the event and therefore incompetent under section 829 of the present Code. The interest which will exclude under the Code is the same interest which had that effect at common law, *i. e.,* a fixed and certain interest in the event of the particular suit. Here the interest of the witness is, at most, contingent, depending on the question whether the estate of his father is solvent. The only evidence on that subject is that his father, shortly before his death, executed an assignment of all his property, including the claim in suit, for the benefit of his creditors, from which it is to be inferred that his estate was insolvent, and that there is nothing to be distributed among his next of kin. The case of *Le Clare* v. *Stewart* (8 Hun, 127), cited by the appellant's counsel, was decided under section 399 of the old Code, as amended in 1866, which excluded every

person 'having a legal or equitable interest which may be affected by the event of the suit.' The exception is not well taken." * * *

*P. C. J. De Angelis*, for the appellant.

*Josiah Perry*, for the respondent.

Opinion by Smith, P. J.; Hardin and Barker, JJ., concurred.

Judgment and order affirmed.